UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE HERNANDEZ, and
RUBAN GAMBOA,
individually and on behalf
of all others similarly situated,   Case No. 16-cv-1077

       Plaintiffs,
          v.

KARAMPELAS INVESTMENTS, INC.
d/b/a Gyro Palace
          and

NIKO A. KARAMPELAS,

       Defendants.

## ORDER TO VACATE JUDGMENT AND FOR DISMISSAL RETAINING JURISDICTION TO ENFORCE CERTAIN TERMS OF SETTLEMENT

Based upon the *Joint Motion to Vacate Judgment* submitted by the parties (ECF No. 25), and Federal Rule of Civil Procedure 60(a), IT IS ORDERED that:

1. The *Judgment* entered in the above-captioned action and reflected on the docket as Document No. 24 is HEREBY VACATED.

2. The portion of the *Order* reflected on the docket as Document No. 23 that reads:

    > **IT IS FURTHER ORDERED** that the clerk shall enter judgment against the defendants in the amount of $40,500.00 and that the defendants make the settlement payment pursuant to the schedule in the Settlement Agreement.
    >
    > **IT IS FURTHER ORDERED** that this case is DISMISSED WITH PREJUDICE and without further cost to either party.

    is HEREBY VACATED.

3. The remainder of the *Order* reflected on the docket as Document No. 23 remains in full force and effect.

4. This case has been settled by the parties by execution of the *Settlement Agreement* (Doc. No. 22-1) which requires future compliance with certain terms of the *Settlement Agreement*. The parties have requested that the court retain jurisdiction to enforce those

terms. Accordingly, this case is DISMISSED WITHOUT PREJUDICE and without further costs to either party. The Court retains jurisdiction solely to enforce Sections III.D., III.E., and V. of the *Settlement Agreement* which state as follows:

III. D Schedule of Payments.

1. Defendants shall deliver to Hawks Quindel the first payment by February 1, 2018 in the following amounts:

    i. A check to Jose Hernandez in the amount of $158.04, without withholdings, to be reported on an IRS 1099.

    ii. A check to Ruben Gamboa in the amount of $177.80, without withholdings, to be reported on an IRS 1099.

    iii. A check to Amador Lara Avalos in the amount of $148.16, without withholdings, to be reported on an IRS 1099.

    iv. A check to Hawks Quindel, S.C. in the amount of $1,016.00.

2. Defendants shall deliver the remaining 26 quarterly payments to Hawks Quindel by the first business day of each May, August, November, and February (the 26th and final quarterly payment will be made on the first business day of August, 2024).

    i. A check to Jose Hernandez in the amount of $326.54, without withholdings, to be reported on an IRS 1099.

    ii. A check to Ruben Gamboa in the amount of $367.34, without withholdings, to be reported on an IRS 1099.

    iii. A check to Amador Lara Avalos in the amount of $306.12, without withholdings, to be reported on an IRS 1099.

    iv. A check to Hawks Quindel, S.C. in the amount of $500.00.

III. E. Prepayment. Notwithstanding Section III. D, Defendants shall have the right to prepay any amounts owed either in whole or in part without penalty. Any partial payment shall be allocated to the last scheduled payment then owing.

V.      Breach

If Defendants breach this Agreement by failing to make the payments provided herein, Defendants shall have 10 days to cure such a breach. Failure to cure such a breach will result in the stipulated entry of judgment in the form substantially similar to Exhibit A, in an amount of $58,677.28 less all settlement amounts paid to date. Plaintiffs shall be entitled to recover from Defendants their attorneys' fees and costs incurred resulting from

any breach of this Agreement. The Court shall retain jurisdiction over this matter for the sole purpose of entering the stipulated judgment if Defendants fail to timely cure a breach of this agreement. The Parties agree that if any Defendant files for bankruptcy, that Defendant will stipulate in the bankruptcy proceeding to the claims of Plaintiffs and Hawks Quindel, S.C. in the amount of $58,677.28 less all settlement amounts paid to date, allocated as follows: 33.3333% to Hawks Quindel, S.C.; 32.6531% to Jose Hernandez, 36.7347% to Ruben Gamboa, and 30.6122% to Amador Lara Avalos.

5. The Court further Orders the Parties comply with Sections III.D., III.E., and V. of the *Settlement Agreement* as stated herein.

6. Unless enforcement proceedings are pending, this case will be treated for all purposes as dismissed with prejudice after September 1, 2024.

Dated at Milwaukee, Wisconsin this 26th day of March, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge